IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

*******************************************

IN RE:                                              CASE NO.    17-05057-BKT

DAVID SOTO RODRIGUEZ
MADELINE RIVERA FIGUEROA
                Debtors                          CHAPTER    13

*******************************************

### DEBTOR'S MOTION TO AMEND PLAN

TO THE HONORABLE COURT:

    **COME NOW,** Debtors herein, DAVID SOTO RODRIGUEZ and MADELINE RIVERA FIGUEROA, through the undersigned attorney, and very respectfully ALLEGE(S) AND PRAY(S):

    1. On this date, debtors are filing an amended Chapter 13 Payment Plan in order to:

    Section 2.1- **to adjust payment plan schedule as per disposable income reflected from Amended Schedule J.**
    Section 3.1- **to clarify amounts to be paid by Trustee to Scotiabank residence mortgage.**
    Section 3.5- **to inform surrender of property located in Isleta Marina to Scotiabank.**

    WHEREFORE, Debtor respectfully requests that the Amended Chapter 13 Payment Plan be accepted and that all other remedies which are proper and just be granted.

### NOTICE

    **NOTICE IS HEREBY GIVEN TO ALL CREDITORS AND PARTIES IN INTEREST, THAT PURSUANT TO LOCAL BANKRUPTCY RULE 9013, IF NO RESPONSE IS FILED TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AND ADDITIONAL THREE (3) DAYS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006 (F) ANY PARTY SERVED BY MAIL OR NOTICE HEREOF, IS HEREBY ADVISED THAT IF NO TIMELY ANSWER OR REPLY IS FILED TO THIS MOTION, THE HONORABLE COURT MAY APPROVE AND GRANT THE FOREGOING MOTION WITHOUT ANY FURTHER HEARING.**

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will sent notification of such filing to the following: Chapter 13 Trustee, US Trustee and to all creditors registered to said system. On this same date, I have sent copy of said document by regular mail to all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto. This certificate of service is filed to comply with the Honorable Court's General Order 03-01 that requires that this certificate of service be filed no later than three (3) days after the service of the plan referred to above.

    RESPECTFULLY SUBMITTED,
In San Juan, Puerto Rico, this 22nd day of June, 2018.

                                          By: /s/ Juan C. Bigas Valedón
                                          JUAN C. BIGAS VALEDON
                                          Attorneys for Debtor
                                          U.S.D.C. NO. 215404
                                          P.O. Box 7011
                                          Ponce, P.R. 00732-7011
                                          Tel. 259-1000; Fax 842-4090
                                          E-mail: jcbigas@yahoo.com

UNITED STATES BANKRUPTCY COURT
District of Puerto Rico, San Juan Division

In Re
SOTO RODRIGUEZ, DAVID & RIVERA FIGUEROA, MADELINE

XXX-XX-0845

XXX-XX-7398

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 06/22/18

Case No: 17-05057 BKT

Chapter 13

[X] Check if this is a pre-confirmation amended plan.

[ ] Check if this is a post confirmation amended plan
Proposed by:
    [X] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.
**2.1, 3.1 AND 3.5**

---

## PART 1 Notices

To Debtors:  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors:  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ ] Included | [X] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 1*

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 1,000.00 | 5 | 5,000.00 | |
| 4,500.00 | 1 | 4,500.00 | |
| 1,000.00 | 5 | 5,000.00 | |
| 1,260.00 | 6 | 7,560.00 | |
| 4,760.00 | 1 | 4,760.00 | |
| 1,260.00 | 11 | 13,860.00 | |
| 4,760.00 | 1 | 4,760.00 | |
| 1,260.00 | 11 | 13,860.00 | |
| 4,760.00 | 1 | 4,760.00 | |
| 1,260.00 | 11 | 13,860.00 | |
| 4,760.00 | 1 | 4,760.00 | |
| 1,260.00 | 6 | 7,560.00 | |
| Subtotals | 60 | 90,240.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[X] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**PERFORMANCE BONUS IN THE MINIMUN AMOUNT OF $3,500 EACH YEAR DURING THE MONTH OF JANUARY (2018 TO 2022)**

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **SCOTIABANK DE PUERTO RICO** | **URB MONTE BRISAS CALLE A #9, GURABO, PR 00778** | **1,269.00** | **720.39** | | | **720.39** |
| | | Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | | Months | Starting on Plan Month | |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

[X] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[ ] The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of Secured Claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Months | Starting on Plan Month | |

*Insert additional lines as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

Check one.
[X] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien Avoidance.**

Check one.
[X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

Check one.

[ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| **ELDORADO RESORTS CORP A FLORIDA CORP** | **GRANDVIEW AT LAS VEGAS 9940 LAS VEGAS BOULEVARD SOUTH, LAS VEGAS** |
| **SCOTIABANK DE PUERTO RICO** | **COND ISLETA MARINA APARTAMENTO 8-H, FAJARDO, PR** |
| **SCOTIABANK DE PUERTO RICO** | **CERTIFICATE OF DEPOSIT** |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   [X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **RELIABLE FINANCE** | **70.00** | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

[X] Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| RELIABLE FINANCIAL | 1 | 7,152.99 [X] To be paid in fill 100% | | | | | | Starting on Plan Month _ | 7152.99 |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

   Attorney's fees paid pre-petition:  $ **500.00**
   Balance of attorney's fees to be paid under this plan are estimated to be:  $ **2,500.00**
   If this is a post-confirmation amended plan, estimated attorney's fees:  $ **0.00**

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

 *Check one.*
 [ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

 [X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**23,452.83**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **DEPARTMENT OF TREASURY** | 23,452.83 |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

 *Check one.*
 [X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

 *Check one.*
 [ ] **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

 [X] The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| **RELIABLE FINANCE** | **EASTERN AMERICAN INSURANCE** | 05/27/2018 | 54.00 | 2,376.00 |
| | | | Disbursed by: [X] Trustee [ ] Debtor(s) | |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

 [ ] The sum of $ _____.

 [ ] _____% of the total amount of these claims, an estimated payment of $ _____.

 [X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

 [X] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 13,660.00

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

 *Check one.*
 [X] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

 *Check one.*

[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

7.2 **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions

[X] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ Juan C. Bigas-Valedon                                        Date  06-22-2018
**Signature of attorney of Debtor(s)**

| | |
|---|---|
| /s/ DAVID SOTO RODRIGUEZ | Date 6-22-18 |
| /s/ MADELINE RIVERA | Date 6-22-18 |

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

17-05057-BKT13 DAVID SOTO RODRIGUEZ and MADELINE RIVERA FIGUEROA
Case type: bk Chapter: 13 Asset: Yes Vol: v Bankruptcy Judge: BRIAN K. TESTER
Date filed: 07/17/2017 Date of last filing: 06/15/2018

## Creditors

| Creditor | ID |
|---|---|
| AMERICAN EXPRESS<br>PO BOX 981537<br>EL PASO, TX 79998 | (4497584)<br>(cr) |
| American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | (4524198)<br>(cr) |
| CITI CARDS<br>PO BOX 9001037<br>LOUISVILLE, KY 40290-1037 | (4497585)<br>(cr) |
| CITICARDS<br>PO BOX 9001037<br>LOUISVILLE, KY 40290-1037 | (4497586)<br>(cr) |
| COLON ATIENZA REPOSSESION SERVICES INC.<br>PO BOX 21382<br>SAN JUAN, PR 00928 | (4497587)<br>(cr) |
| COMENITY CAPITAL BANK<br>PO BOX 182789<br>COLUMBUS, OH 43218-2 | (4497588)<br>(cr) |
| DEPARTMENT OF TREASURY<br>PO BOX 9024140<br>SAN JUAN, PR 00936 | (4497589)<br>(cr) |
| DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | (4532320)<br>(cr) |
| DISCOVER BANK<br>PO BOX 30416<br>SALT LAKE CITY, UT 84130 | (4497590)<br>(cr) |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | (4502504)<br>(cr) |
| EASTERN AMERICA INSURNCE CO<br>PO BOX 9023862<br>SAN JUAN PR 00902 | (4575382)<br>(cr) |
| ELDORADO RESORTS CORP A FLORIDA CORP<br>D/B/A ELDORADO DEVELOPMENT CORP<br>2150 WEST JO RAE AVENUE<br>LAS VEGAS, NE 89183 | (4497591)<br>(cr) |
| MUEBLERIAS BERRIOS<br>PO BOX 674<br>CIDRA, PR 00739 | (4497592)<br>(cr) |
| Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | (4522236)<br>(cr) |
| RELIABLE FINANCIAL SERVICES, INC.<br>P.O. BOX 21382<br>SAN JUAN, PR 00928-1382 | (4497593)<br>(cr) |
| SCOTIABANK DE PUERTO RICO<br>G.P.O. BOX 362649<br>SAN JUAN, PUERTO RICO 00936-2649 | (4529825)<br>(cr) |
| SCOTIABANK DE PUERTO RICO<br>PO BOX 362394<br>SAN JUAN, PR 00936 | (4497594)<br>(cr) |
| SYNCHRONY BANK<br>PO BOX 960061<br>ORLANDO, FL 32896 | (4497595)<br>(cr) |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 06/18/2018 17:09:07 |||
| PACER Login: | bb2191:2886446:0 | Client Code: |
| Description: | Creditor List | Search Criteria: 17-05057-BKT13 Creditor Type: All |
| Billable Pages: | 1 | Cost: 0.10 |